### CHARLES J. MILLER v. PORT GIBSON BRICK AND MANUFACTURING COMPANY.

GARNISHMENT.   *Default.   Judgment set aside.*

> A judgment by default taken against a garnishee on the second day of the term of court to which the suit was returnable, should be set aside when it appears that the garnishee failed to answer because of a misleading statement of the debtor that the controversy had been settled, and promptly applied at the same term to have the default set aside.

FROM the circuit court of Warren county.

HON. W. K. McLAURIN, Judge.

The Port Gibson Brick and Manufacturing Company, appellee, was the plaintiff in the court below; one Conaghan and C. J. Miller, the appellant, were defendants there, the appellant being a garnishee.

The opinion states the facts in the case.

*Dabney & McCabe*, for the appellant.

The courts consider with favor all timely applications to set aside judgments by default attended by an affidavit of merits, and especially should they do so in those cases where a disinterested person has been brought into court to participate in a controversy between other people. Under the authorities, there was clearly an abuse of discretion in this case. *Porter* v. *Johnson*, 2 How. (Miss.), 736; *Fore* v. *Folsom*, 4 *Ib.*, 282; *Meridian* v. *Trussell*, 52 Miss., 711; *Express Co.* v. *Hunt*, 54 *Ib.*, 664; *Allen* v. *Standifer*, 57 *Ib.*, 614; *Meacham* v. *Moore*, 59 *Ib.*, 561; *Holmes* v. *Preston*, 70 *Ib.*, 152.

*McLaurin & McKnight*, for the appellee.

The neglect of the garnishee was not of such an excusable character as to render the action of the court below in overruling his motion to set aside the default, an abuse of discretion. Freeman on Judgments, secs. 114, 115, 541.

CALHOON, J., delivered the opinion of the court.

Appellee filed its petition against one Conaghan as its debtor in $1,120, and the appellant, Miller, and others, as garnishees, setting up a debt to it from Conaghan for brick, which it avers went into the works of the garnishees under their contracts with Conaghan as builder, and asking that they be adjudged to pay what they severally owed him, to the amount of the debt. Miller failed to answer on the fourth day of April, 1898, the return day of the writ of garnishment, and on the next day, the fifth, judgment by default was taken against him. Three days thereafter, the eighth, he filed his motion to set aside the judgment by default, accompanying it with his own affidavit to the effect that he had not answered on the first day of the term because he had been told by Conaghan that the whole matter had been adjusted, and that he did not owe Conaghan exceeding $10 on account, and that, in fact, Conaghan really owed him because of uncompleted work. On the twen-

ty-ninth day of the same April, Miller's motion was continued to the next term of the court, and the court was adjourned on the seventeenth day of the following May, 1898. The next development in this matter is on November 21, 1899. On that day was filed an affidavit of Conaghan, made on the second day of that month, to the effect that he had never told Miller that appellee's claim had been paid, and never told him that any settlement of it had been made until after April 25, 1898. There was also filed on November 21, 1899, an agreement signed by Conaghan and his wife, of date April 25, 1898, to the effect that, in consideration of a continuance of the case against him and his "co-defendants," they would assign certain specified insurance policies on his life as additional security for the debt. There was also filed an affidavit of R. L. McLaurin, Esq., attorney for the plaintiff, made November 6, 1899, to the effect that this agreement of April 25, 1898, was the first agreement ever made in the case, and that it was never complied with. There was also then filed an affidavit, made November 21, 1899, of John C. Kearney to the effect that, before the return term of the writ, he heard Conaghan tell Miller that the matter was settled, and he need not be uneasy, and that, as Miller's bookkeeper, he knows that Miller owed Conaghan nothing. There was also filed on November 21, 1899, another affidavit of Conaghan, made on that day, to the effect that Miller owed him nothing, and that, after Miller's telling him he had been garnisheed, he told Miller the matter had been settled. Finally appears an affidavit of Miller, of date November 21, 1899, to the effect that the conversation with Conaghan was before the term at which the judgment by default was taken. The case against other garnishees was not settled by the court until this November term, 1899, everything having been continued by consent or stopped by yellow fever. The court, on November 22, 1899, overruled Miller's motion to set aside the judgment by default, and in this we think the learned judge who presided committed error. Where, as in this case,

no delay was involved, courts should be liberal in setting aside judgments by default, in order that rights may be ascertained and justice done. It seems plain that if Miller owed anything, it was nothing near $1,120, and the hardship on him is great.

*Reversed and remanded.*